**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Fernando Harris,<br><br>Defendant. | No. CR-25-00303-001-PHX-DWL<br><br>**ORDER** |

In February 2025, the grand jury indicted Defendant on two counts of drug trafficking-related offenses. (Doc. 10.) In November 2025, Defendant pleaded guilty to a lesser-included offense of Count Two. (Docs. 29, 30.) In the factual basis of his plea agreement, Defendant admitted to intentionally possessing, with intent to distribute, 44.44 kilograms of methamphetamine. (Doc. 30 at 7.)

Sentencing is set for today, February 9, 2026, at 2:30 p.m. In advance of sentencing, the Probation Office timely issued a presentence report calculating Defendant's sentencing range under the Guidelines as 30-37 months and recommending that Defendant receive a low-end sentence. (Doc. 36 at 13.) Defendant, through counsel, also filed a sentencing recommendation requesting a downward variance. (Doc. 35.)

At 9:32 a.m. this morning, the government unexpectedly filed a motion to dismiss the indictment without prejudice. (Doc. 37.) The sole proffered explanation for the request is that dismissal would be "in the interests of justice." (*Id.* at 1.) Defendant does not oppose the request. (*Id.*)

On the one hand, the government's authority to seek dismissal under Rule 48(a) is extraordinarily broad. *See, e.g.*, *United States v. Garcia-Gomez*, 2026 WL 295154 (D. Ariz. 2026); *United States v. Arevalo-Garcia*, 2022 WL 2356763 (D. Ariz. 2022). "Rule 48(a) allows the government, provided it is not acting in bad faith, to dismiss an indictment without prejudice and later to reindict based on the same or similar charges. . . . [W]hen the government requests a Rule 48(a) dismissal in good faith, the district court is duty bound to honor the request." *United States v. Hayden*, 860 F.2d 1483, 1488 (9th Cir. 1988). "Separation-of-powers concerns generally require a district court to defer to the government's decision to seek a dismissal of a criminal charge because a denial of the motion would represent an intrusion upon prosecutorial prerogative. The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request." *United States v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995) (citation omitted). *See also United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012) ("A district court is duty bound to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless it specifically determines that the government is operating in bad faith in pursuing the motion. A district court may also deny the government's motion if the dismissal is prompted by considerations clearly contrary to the public interest or if there is a genuine concern that the defendant would be subjected to prosecutorial harassment through charging, dismissing, and recharging.") (cleaned up). Moreover, "Rule 48(a) allows the prosecution to dismiss after a defendant has pled guilty, been sentenced, and even appealed his or her conviction." *United States v. Pichardo*, 2024 WL 244219, *2 (D.N.J. 2024).

On the other hand, the boilerplate motion filed this morning fails to provide enough information for the Court to determine whether the dismissal is being sought in bad faith or whether the dismissal request is otherwise prompted by considerations clearly contrary to the public interest. A generic allusion to "the interests of justice," particularly in a case where the dismissal is being requested seemingly out of the blue a few hours before sentencing, is insufficient. On the current record, the Court has no clue why the dismissal

is being sought. *Compare United States v. Smith*, 55 F.3d 157, 160 (4th Cir. 1995) ("With respect to Smith, the United States Attorney gave two reasons for his motion. First, he pointed to the acquittal of Smith's four codefendants and expressed the opinion that if Smith had not pleaded guilty, he, too, certainly would have been acquitted. Second, the United States Attorney pointed out that after pleading guilty Smith cooperated with the government and testified truthfully. The United States Attorney emphasized that dismissal promoted credibility in future attempts to enlist defendants to plead guilty, cooperate with the government, and truthfully testify in return for lenient treatment.") *with United States v. Olmos-Gonzales*, 993 F. Supp. 2d 1234, 1236 (S.D. Cal. 2014) ("The Government's motion requests dismissal under Rule 48(a), but provides no justification for the request beyond the assurance that the 'motion is made in the interest of justice' . . . [which] is an insufficient statement of reasons."). To be clear, the Court has no reason to doubt that a legitimate, good-faith reason exists for the dismissal request, but the government must articulate that reason before the Court can properly discharge its role under Rule 48(a). *See generally United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) ("A distinctly different situation is presented when the defendant concurs in the dismissal but the court is concerned whether the action sufficiently protects the public. As to this, while there is a paucity of authority, some principles do emerge. First, Rule 48(a)'s requirement of judicial leave . . . gives the court a role in dismissals following indictment. Second, in the exercise of its responsibility, the court will not be content with a mere conclusory statement by the prosecutor that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis.").

…

…

…

…

…

…

1     Accordingly,

2     **IT IS ORDERED** that the parties and counsel must appear, as scheduled, at the sentencing hearing at 2:30 p.m., at which time the government will have an opportunity to elaborate on the basis for its dismissal request.

    Dated this 9th day of February, 2026.

                                                                  Dominic W. Lanza
                                                                  United States District Judge